We are not any more in sympathy with such provision of the statute than is the court below, as expressed in its opinion, but we can not re-write the statute and must affirm the decision of the court for the reasons stated by it and concurred in by us.

*Judgment affirmed.*

BARNES, J., concurs.
HORNBECK, J., concurs in judgment.

HANSLEY, APPELLEE, *v.* THE LAKE SHORE COACH CO.,
APPELLANT.

(No. 463—Decided May 19, 1941.)

*Mr. Guilbert W. Martin,* for appellee.
*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellant.

LLOYD, J.   The defendant, The Lake Shore Coach Company, appeals to this court on questions of law from a judgment of $650 in favor of the plaintiff, Ruth Hansley, as damages for personal injuries alleged to have proximately resulted from the negligence of a ticket agent of the defendant stationed at Bellevue.

A Mr. Myers and his partner, Boehler by name, owned and operated a garage in Bellevue.  By verbal arrangement made by Myers with the defendant, the garage office was used as a waiting room for prospective passengers of the defendant, he to furnish heat, lights and toilet and to sell tickets for the company. He was paid 10 per cent on passenger tickets sold and 5 per cent on parcels dispatched.  This was his only compensation.

At about nine o'clock in the morning of October 21, 1939, the plaintiff purchased a ticket from Myers, for passage from Bellevue to a station known as Halfway. There is no ticket window in the garge room, the ticket selling being conducted at Myers' desk.  After purchasing the ticket she leaned against the desk, talking to a lady who was also waiting for the bus, which she says passed ahead of its scheduled time without stopping.  Other witnesses said that it left exactly on time.

"The next thing I noticed," she says, "I happened to glance up and I saw the bus going by and I said 'There goes the bus.'"

Myers volunteered to take the plaintiff and the other lady in his automobile and endeavor to overtake the bus. Plaintiff testifies that he said "Come and get in my car. I have had to do this before." The plaintiff and the other lady then got into the rear seat of his automobile and Myers, after passing the bus, lost control of his automobile, which skidded and collided with a telephone pole resulting in the complained-of injuries to plaintiff.

This is all of the evidence material to the question of whether Myers was an agent of the company in the service he sought to render plaintiff. The evidence clearly shows that he was not employed by the defendant for any purpose except to sell tickets. That was his sole duty and obligation. In what he was doing he was a mere volunteer for whose negligence, if he was negligent, the defendant is not responsible.

The judgment of the Court of Common Pleas is therefore reversed and final judgment is rendered for the defendant.

*Judgment reversed.*

OVERMYER and CARPENTER, JJ., concur.